IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| Changtingxiantinghaoshengshangmaoyouxiangongsi d/b/a Eany-KK & minhoufuoush angm aoyou xiangongsi d/b/a Rai-Mee,<br><br>            Plaintiffs,<br>v.<br><br>Zhongyi Jiang,<br><br>           Defendant. | Case No. |

**COMPLAINT**

Plaintiffs, Changtingxiantinghaoshengshangmaoyouxiangongsi d/b/a Eany-KK & minhoufuoush angm aoyou xiangongsi d/b/a Rai-Mee ("Plaintiffs"), by and through its attorneys, Aronberg Goldgehn Davis & Garmisa, for its Complaint against Zhongyi Jiang ("Defendant") states as follows:

## I.    JURISDICTION AND VENUE

1. Plaintiffs bring this action under Title 35 of the United States Code, and under 28 U.S.C. §§2201 and 2202, to obtain a declaratory judgement of non-infringement with respect to U.S. Patent No. 12,220,071 B1 (the " '071 patent") (Exhibit 1), under 35 U.S.C. § 101 *et seq*.

2. Exhibit 1 is a true and correct copy of the '071 patent.

3. Exhibit 2 is the correct copy of the file history of the '071 patent.

4. This Court has original subject matter jurisdiction over the patent-related claim pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

5. Defendant is an individual.

6. On information and belief, Defendant is a foreign national.

7. On information and belief, Defendant is a citizen of China.

8. On information and belief, Defendant maintains an address of: Room 3204 Unit 1 Building 8 Jinshawan Residential Area No 446 Dongxin 1st Road Changnan New City Nanchang County Nandang City Jioxgxi Province.

9. Defendant interfered with Plaintiffs' customers across the United States by filing one or more complaints with Amazon, accusing Plaintiff's products of infringing the '071 patent.

10. Personal jurisdiction and venue are proper in this Court as to Defendant pursuant under 35 U.S.C. § 293. Defendant is the current owner of the '071 patent.

11. On information and belief defendant is a Chinese citizen with no significant contacts or business operations within the United States and has not filed a written designation of an agent in the United States on whom may be served process or notice of proceedings affecting the patent rights of the '071 patent.

## II.     PARTIES

12. The Plaintiffs are a pair of Chinese companies that sell products in the U.S., particularly through Amazon.com.

   a. Plaintiff Name: Changtingxiantinghaoshengshangmaoyouxiangongsi

      i. Address: Room 1302, Building 8, Phase II, Tingzhou Trade City No. 16-1, Hakka Avenue, Datong Town, Changting County, Fujian Province

      ii. Amazon Store Name: Eany - KK

      iii. Amazon ASIN at Issue for Plaintiff: B0DLFCX667, B0DLG2ST5F

    b.  Plaintiff Name: minhoufuoush angm aoyou xiangongsi

        i.  Address: Room No. 203, Shifotou Street, Chaoqian Village, Hong wei Township, Minhou County, Fujian Province

        ii.  Amazon Store Name: Rai-Mee

        iii.  Amazon ASIN at Issue for Plaintiff: B0DT6M8561, B0DT6NF1WV, B0DTP2GH8W

13.    Defendant, Zhongyi Jiang ("Jiang" or "Defendant"), is an individual.

14.    On information and belief, Defendant is a foreign national.

15.    On information and belief, Defendant is a citizen of China.

16.    On information and belief, Defendant maintains an address of: No. 22, Jiangjia Village, Mashan Billage Committee, Baiwei Township, Jinxian County, Nanchang, China.

17.    On information and belief, the address of: No. 22, Jiangjia Village, Mashan Billage Committee, Baiwei Township, Jinxian County, Nanchang, China is not a personal residence.

18.    On information and belief, Defendant does not routinely or consistently visit the address of: No. 22, Jiangjia Village, Mashan Billage Committee, Baiwei Township, Jinxian County, Nanchang, China.

19.    Defendant is the named inventor of the '071 patent.

20.    The '071 patent matured from US Patent Application No. 18/794,524 filed on August 5th, 2024.

### III.    FACTS PERTAINING TO ALL CLAIMS

21.    Plaintiffs' are in the business of selling headwear organizers and displays.

22.    Plaintiffs' product is designed to organize and display headwear mainly baseball caps ("the Products).

23. The Products were popular on Amazon and Plaintiffs' enjoyed success in advertising and selling the Products through the United States.

24. Amazon is a primary sales channel for the Products.

25. To be competitive in the clothing organization industry, it is critical that Plaintiffs have access to the US market through Amazon.com.

26. However, Defendant has threatened Plaintiffs' access to Amazon.com by filing one or more complaints with Amazon and alleging that the Products infringe the '071 patent.

27. The complaints were submitted under the name "DWAEEGG" utilizing the email: dingwen798@sina.com.

28. Due to Defendant's intentional interference with Plaintiffs, an actual case or controversy exists as between Plaintiffs and Defendant.

## COUNT 1
## DECLARATORY JUDGEMENT OF NONINFRINGEMENT
## U.S. PATENT NO. 12,220,071

29. Plaintiffs' incorporate all of the foregoing paragraphs herein.

30. The '071 patent is directed to a "Hat Rack For Baseball Cap".

31. The '071 patent includes 9 claims.

32. Claim 1 is the only independent claim.

33. It includes a main body with a vertical support surface which contains a plurality of connection ports. Ex. 1, 6:30-34[1].

34. Claim 1 of the '071 patent claims: "a lower end of the hook is provided with a U-shaped opening". Ex. 1, 6:45-46.

---

[1] References to the Column and line number of the patent are in the form: Column:line-line.

35. Furthermore, Claim 1 also claims that there are: "two main bodies disposed back to back". Ex. 1, 6:46-47.

36. Additionally, Claim 1 claims that the "two main bodies are fitted into the U-shaped opening". Ex. 1, 6:48-49.

37. To infringe a patent, an accused product must meet each and every limitation of a claim either literally or under the doctrine of equivalents.

38. If the accused product does not meet each and every limitation of a claim either literally or under the doctrine of equivalents it cannot infringe the claim.

39. If a product does not infringe an independent claim, that product cannot infringe a claim that is dependent on the independent claim that is not infringed.

40. Claim 1 of the '071 patent states:

> 1. A hat rack for baseball, comprising a main body, wherein the main body is provided with a vertical support surface, and the vertical support surface is provided with a plurality of connection ports arranged in a row from top to bottom; each of the connection ports is provided with a lower support platform and an upper positioning platform located above the lower support platform respectively, a bottom surface of the upper positioning platform and a top surface of the lower supporting platform are clearance-matched, and the bottom surface of the upper positioning platform forms a limiting portion, wherein there are two of said main bodies disposed back to back; an upper end of each of the main bodies is provided with a first through hole normal to the vertical support surface, and the first through holes on the two main bodies are coaxially aligned; **top ends of the main bodies are provided with a hook, a lower end of the hook is provided with a U-shaped opening, the two main bodies disposed back to back; wherein the upper ends of the two main bodies are fitted into the U-shaped opening, and the lower end of the hook is provided with a bolt which cross both ends of the U-shaped opening, the bolt being connected through the first through hole on the main bodies.**

41. As stated above, Claim 1 is clear that there are two main body components and the main body components are attached to a hook.

42. Plaintiffs' Product is shown below:



43. Plaintiffs' Product is one body component.

44. Plaintiffs' Product does not contain a separate hook component.

45. Plaintiffs' Product does not contain two main bodies.

46. Plaintiffs' Product does not contain any separable parts.

47. Plaintiffs' Product cannot meet each and every limitation of Claim 1 of the '071 patent at least because Plaintiffs' Product does not include "two main bodies disposed back to back" or "two main bodies are fitted into the U-shaped opening" either literally or under the doctrine of equivalents.

48. Plaintiffs' Product cannot meet each and every limitation of any of Claims 2-9, each of which depend, either directly or indirectly, on Claim 1.

49. The clear and obvious lack of infringement of the Products at issue supports the determination that Defendant had no reasonable basis to assert infringement of the '071 patent by any of the Products at issue in its complaints to Amazon.

50. The clear and obvious lack of infringement of the Products at issue support the determination that Defendant's assertion of infringement of the '071 patent by the Products at issue in its complaints to Amazon were done with malice and an intent to harm Plaintiffs' business.

51. The clear and obvious lack of infringement of the Products at issue support the determination that Defendant's assertion of infringement of the '071 patent by the Products at issue in its complaints to Amazon was an impermissible broadening of the scope of the '071 patent that had an anticompetitive effect.

52. None of the Products at issue include each and every limitation of any claim of the '071 patent literally or under the doctrine of equivalents.

53. Accordingly, none of the Products at issue could infringe the '071 patent.

54. An assertion that any of the Products at issue infringe any claim of the '071 patent is frivolous and egregious.

55. Defendant's complaints to Amazon that the Products at issue infringe the '071 patent are baseless and make this an exceptional case.

56. Plaintiffs are entitled to permanent injunctive relief at least to preclude Defendant from asserting to any other party that any of the Products at issue infringe the '071 patent, or from otherwise utilizing the '071 patent to induce any party to alter its business relationship with any Plaintiff, including but not limited to refusing to purchase, sell, advertise, import, or offer to sell any of the Products at issue.

57. Plaintiffs are entitled to attorneys' fees and costs incurred as a result of at least the conduct of Defendant set forth herein.

58. Plaintiffs are entitled to a declaration that none of the Products infringe any claim of the '071 patent.

59. Plaintiffs are entitled to an award of all other monetary and equitable relief that is within this Court's power to award.

## COUNT 2
## INVALIDITY OF U.S. PATENT NO. 12,220,071

60. Plaintiffs' incorporate all of the foregoing paragraphs herein.

61. Claims 1-9 of the '071 patent are invalid because the claimed invention therein fails to meet the conditions of patentability specified in 35 U.S.C. §§ 101 et seq. including but not limited to 35 U.S.C. §§ 102, 103, and 112, and non-statutory common law doctrines.

62. By way of further example, and without limiting the potential grounds for invalidity that may be raised in this action, at least Claim 1 of the '071 patent is invalid under 35 U.S.C. §§ 102 and/or 103 based on previously available products, patents, and publications.

63. Exhibit 3 is a true and correct copy of U.S. Patent No. US 5,240,123 to Hawk ("Hawk").

64. Hawk is prior art to the '071 patent.

65. Exhibit 4 is a true and correct copy of U.S. Patent Publication 2012/0037671 to Lueth ("Lueth").

66. Claim 1 is anticipated or obvious in view of Hawk and in further view of Lueth, either considered alone or in combination.

67. Hawk discloses the use of connection ports to hold headwear (caps).

68. Lueth discloses a hook with a u-shaped opening.

69. A person of ordinary skill in the art would find each and every element of claim 1 of the '071 Patent expressly or inherently disclosed in the combination of Hawk in view of Lueth.

70. A person of ordinary skill in the art would find each and every element of claims 2-9 of the '071 Patent expressly or inherently disclosed in the combination of Hawk in view of Lueth.

71. A person of ordinary skill in the art would also be motivated to look to each reference as both are in the same art and would suggest how to best configure the main body to a hook in order to hang the main body.

72. Plaintiffs seek a declaratory judgment that each claim of the '071 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 12,220,071 is not infringed by the Products.

2) That Judgment be entered against Defendant finding that every claim of U.S. Patent No. 12,220,071 is invalid.

3) A finding that this case is exceptional under 35 U.S.C. § 285.

4) Awarding Plaintiffs its cost and reasonable attorneys' fees.

5) Awarding Plaintiffs pre and post judgment interest on all monetary awards.

6) Enter an order enjoining Defendant or any other party working in conjunction with Defendant to that has knowledge of the injunction from asserting infringement of the U.S. Patent No. 12,220,071 or otherwise using U.S. Patent No. 12,220,071 to interfere with Plaintiffs' businesses.

7) Awarding Plaintiffs' any and all other relief that this Court deems just and proper.

Dated: May 21, 2025　　　　　　　By:　*/s/ Jeffrey H. Greger*
　　　　　　　　　　　　　　　　　　　Jeffrey H. Greger, VA State Bar No. 41500
　　　　　　　　　　　　　　　　　　　Jeffrey H. Greger, PC
　　　　　　　　　　　　　　　　　　　5006 Kenerson Drive
　　　　　　　　　　　　　　　　　　　Fairfax, Virginia
　　　　　　　　　　　　　　　　　　　Tel: 571-331-4949
　　　　　　　　　　　　　　　　　　　*jeff@gregerpc.com*
　　　　　　　　　　　　　　　　　　　*jhg@gregerpc.com*

　　　　　　　　　　　　　　　　　　　Matthew De Preter, Illinois Bar No. 6291503
　　　　　　　　　　　　　　　　　　　*Pro Hac Vice pending*
　　　　　　　　　　　　　　　　　　　ARONBERG GOLDGEHN
　　　　　　　　　　　　　　　　　　　225 West Washington, Suite 2800
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　312.828.9600
　　　　　　　　　　　　　　　　　　　*cdepreter@agdglaw.com*

　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*